J-A19003-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANJELA SMALLS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY WILLIAMS, JR. | : | |
| | : | |
| Appellant | : | No. 983 EDA 2026 |

Appeal from the Order Entered March 17, 2026
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2023-18001

BEFORE:  OLSON, J., DUBOW, J., and FORD ELLIOTT, P.J.E.[*]

JUDGMENT ORDER BY OLSON, J.:  **FILED JULY 20, 2026**

Appellant, Troy Williams, Jr. ("Father"), appeals *pro se* from the trial court's March 17, 2026 order.  We affirm.

As the trial court explained:

> On March 5, 2026, the parties, [Father] and Anjela Smalls ("Mother")[,] and Mother's counsel appeared before the [trial] court for a protracted hearing on Mother's October 27, 2025 petition for contempt, Father's October 27, 2025 emergency petition to modify custody, Mother's October 28, 2025 emergency family petition – amended contempt, Mother's October 30, 2025 emergency family petition, and Father's November 24, 2025 emergency petition for contempt.  The parties are the parents of two [] minor children, [Z.W. (born in November 2017) and E.W. (born in July 2019) (collectively "the Children")].  Mother was represented by Nathan Snyder, Esquire, and Father was unrepresented.

_____

[*] Retired Senior Judge assigned to the Superior Court.

At the conclusion of the hearing, the [trial] court took Father's October 27, 2025 emergency petition to modify custody under advisement. An in-camera interview of the Children was conducted on March 9, 2026. A Final Custody Order was issued by the court on March 17, 2026 following a thorough review by the court of the evidence and testimony presented at the hearing by the parties. [This Final Custody Order granted the parties shared legal custody over the Children, granted Mother primary physical custody over the Children, and granted Father partial physical custody over the Children]. The Final Custody Order included a detailed written analysis by the [trial] court of the [11] custody factors set forth in 23 Pa.C.S.A. § 5328(a).

Trial Court Opinion, 4/9/26, at 1-2 (footnotes and some citations and capitalization omitted).

Father filed a timely notice of appeal from the trial court's custody order and raised the following claims in his concise statement of errors complained of on appeal:

1. Judicial Bias (Appearance of Impropriety): The Trial Judge maintained a social media friendship with [Father's] sister, creating an appearance of impropriety that resulted in a biased, 'defensive' ruling against [Father] to avoid the appearance of favoritism.

2. Acknowledgment of Conflict: The Court's acknowledgment of a conflict is evidenced by the Trial Judge's voluntary transfer of a related legal matter involving [Father's] domestic partner . . . to a different judge on the same day the final order in this matter was issued.

3. Wrongful Exclusion of Rebuttal Witness: The Court abused its discretion by refusing to allow the testimony of Ashontei Williams, who was prepared to offer direct evidence rebutting an inaccurate exhibit regarding [Father's] "disorderly conduct."

4. Due Process Violation: The Court erred by excluding [Father's] exhibits while relying on [Mother's] inaccurate and

unverified evidence to form the basis of the Memorandum and Final Order.

5. Failure to Adjudicate Tax Dependency: The Court failed to address or allocate the federal and state tax dependency exemptions in the Final Order, despite the issue being raised in [Father's] Proposed Order.

6. Failure to Address Passport Provisions: The Court failed to provide a ruling or protocol regarding the application, possession, and travel usage of the minor children's passports, leaving a critical component of Legal Custody unresolved [and] unworkable.

7. Omission of Law Enforcement Assistance: The Court erred by failing to address [Father's] request for law enforcement assistance for custody exchanges, despite evidence presented at trial regarding [Mother's] history of withholding the children [and] the high-conflict nature of the parties' interactions.

8. Violation of Religious Freedom & Parental Rights: The Court erred [and] abused its discretion by failing to grant or even address [Father's] request for holiday parenting time consistent with his religious beliefs [and] biblical observances. By omitting some of these holidays from the Final Order, the Court effectively restricted [Father's] right to include the minor children in his religious traditions, violating his constitutional right to the free exercise of religion [and] failing to consider the children's spiritual well-being under 23 Pa.C.S. § 5328.

9. Failure to Address Personal Property: The Court failed to provide a provision for the exchange [and] protection of the children's personal property (specifically [Z.W.'s] kids smartwatch), despite evidence that the lack of such a provision interferes with the children's well-being [and] stability.

Father's Concise Statement, 3/26/26, at 2.

On appeal, Father raises the following three claims:

1. Whether the trial court abused its discretion and violated [Father's] right to due process by interrupting [Father's] presentation of his case, preventing the entry of his proposed custody order into the record, and subsequently denying the requests contained therein for lack of specificity?

2. Whether the trial court abused its discretion by applying an inconsistent standard of judicial authority – penalizing [Father] for a lack of specificity regarding holiday, passport request, [and] tax allocations, while simultaneously refusing to address [Mother's] documented interference with communication, citing "parental discretion"?

3. Whether the trial court erred and abused its discretion by excluding relevant evidence of [Mother's] history of litigation misconduct, specifically regarding unfounded PFA filings and testimony, thereby preventing the court from conducting a full and fair best-interests analysis under 23 Pa.C.S. § 5328?

Father's Brief at 4-5.

Father's issues on appeal are waived for at least two independent reasons. First, the issues Father attempts to raise on appeal were not included in his concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues] not included in the [Rule 1925(b)] Statement . . . are waived"). Second, Father's brief fails to provide this Court with "any discussion of [his] claim[s] with citation to relevant authority [and] fail[s] to develop [his] issue[s] in any [] meaningful fashion capable of review." *See In re W.H.*, 25 A.3d 330, 339 n.3 (Pa. Super. 2011) ("[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived") (quotation marks and citations omitted).

As all of Father's appellate issues are waived, we affirm the trial court's order.

Order affirmed. Appellant's Application for Emergency Remand is denied as moot. Jurisdiction relinquished. Case stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/20/2026